Joe B. Moore *and* Charles R. Moore *v.* James H. Thomas, *Curator, etc.*

(No. 7945)

Submitted May 9, 1934.  Decided June 12, 1934.

*S. T. Spears, M. M. Neely* and *Walter R. Haggerty,* for plaintiffs in error.

*Frank C. Haymond, Ward Lanham* and *Morris & Morris,* for defendant in error.

KENNA, JUDGE:

This proceeding was brought in the county court of Marion County under the provisions of Code, 44-5-5, for the removal of James H. Thomas who had, on the 11th day of December, 1933, been appointed by the county court curator of the estate of Jessie Moore Martin, deceased, who died in Marion County in the same month. Joe B. Moore and Charles R. Moore filed their petition seeking removal and later substituted an amended petition. The amended petition alleges that the two petitioners are the surviving brothers and sole heirs-at-law of Jessie Moore Martin; that upon the death of Jessie Moore Martin, it was represented to petitioners that she had left à will which could not be read for two weeks, and that before the expiration of two weeks, James H. Thomas appeared before the county court and had himself

appointed curator of the estate and qualified as such; that thereafter on the 16th day of December, 1933, the will was read and on that same date, petitioners first learned of Thomas' appointment as curator. The petition alleges that Thomas is an improper person to have been appointed curator, because, by the terms of the will, an estate valued at from one-half million to one million dollars has been left to Thomas and his wife, and that Thomas is hostile to the interests of petitioners; that at and before the date of the will, testatrix was of unsound mind and wholly incapable of transacting business, and that Thomas, knowing these facts, had theretofore procured from her a power of attorney by virtue of which he handled all of her property before her death; that he has never made any accounting under the power of attorney; that the power of attorney was gotten by Thomas by the exercise of undue influence over the testatrix; that by virtue of the power of attorney and the undue influence exercised by Thomas, he handled a large part of the property entrusted to him so negligently that the estate sustained heavy losses; that Thomas not only acted as the attorney in fact for the testatrix; that he also acted, and is acting, as administrator of the estate of Carl F. Martin, deceased, the husband of testatrix who pre-deceased her; that it would be necessary for Thomas as curator of the estate of Jessie Moore Martin to reduce to possession, and settle with himself for, the assets handled by him as attorney in fact for the testatrix and as administrator of the estate of Carl F. Martin, deceased; that the said James H. Thomas is notoriously insolvent; that the petitioners objected to the probate of the will of Jessie Moore Martin in the county court of Marion county, but that on the 12th day of January, 1934, the will was admitted to probate over their objection, and that on the 13th day of January, 1934, an appeal to the circuit court of Marion County was duly perfected and is now pending, by virtue of which petitioners have such interest in the subject matter as entitles them to bring this proceeding for the removal of the curator.

The defendant appeared in the county court and de-

murred to the petition, and also filed his plea in abatement thereto, setting up the fact that the will had been probated; that petitioners are not beneficiaries under it, and that until that probate is set aside, the petitioners have no interest in the subject matter that entitles them to bring this proceeding. The petitioners demurred to the plea in abatement. The county court sustained the demurrer to the petition and overruled the demurrer to the plea in abatement. Petitioners then applied to the circuit court for an appeal from the judgment of the county court. This appeal was denied, and application was made to this court under Code, 58-3-6, for the granting of the appeal. This court granted the appeal, and, upon review in the circuit court of Marion County, that court sustained the demurrer to the petition, and sustained the demurrer to the plea in abatement. From the judgment of the circuit court of Marion County, the petitioners prosecute this writ of error, and the defendant assigns cross-error to the action of the circuit court in sustaining the demurrer to the plea in abatement.

The appointment of a curator by the county court is authorized by section 5 of article 1 of chapter 44 of the Code of 1931. The appointment is to be made "during a contest about his will, or during the infancy or in the absence of an executor, or until administration of the estate be granted * * *". We are concerned here only with the appointment to be made during a contest of the will. Ordinarily, the contest of a will means doubt as to which of two parties, or groups of parties, are lawful beneficiaries of the estate of a decedent. It means that this doubt will remain until the contest of the will is settled. In our opinion, the statute contemplates that, pending the contest and pending the determination of the rights of rival claimants, the administration of the estate is, by the appointment of a curator, to be placed in competent hands that will be impartial and even-handed as between the conflicting interests of the parties contesting the will. Where the interest of the person seeking appointment as curator is such as would probably interfere with this impartiality and even-handedness,

the person should not be appointed, or, if appointed, should be removed. We deem it unnecessary to go into a full discussion of the averments of this petition. It has already been before this court on a former occasion, when an appeal was granted to the circuit court from the order of the county court sustaining a demurrer to it. On that occasion, the averments of the petition were very carefully gone into, and the appeal to the circuit court was granted after exhaustive argument and briefing of the sufficiency of those averments to make a case warranting the granting of that appeal. The petition avers substantially that James H. Thomas is one of the contesting parties in the contest of the will, now pending, and that by reason of the fact that as curator he would be required to reduce to possession assets in his hands as attorney-in-fact and as administrator of the estates of decedent and of her husband, respectively, that such conflicting interests are lodged in him as would make it impossible for him to conduct the estate as curator with the impartiality and even-handedness required. On this writ of error, the averments of this petition have been very carefully re-examined, and we are of opinion that in the event that the averments of the petition are sustained by proof, a proper case has been made out for the removal of the curator. We therefore believe that the ruling of the circuit court upon the demurrer to the petition must be reversed.

As to the plea in abatement, we are of opinion that the holding of the circuit court on this question is without error. The contestant of a will has such interest in the estate of the decedent as entitles him to bring a proceeding for the removal of an improper personal representative, pending the determination of the contest. The contest is not determined by the probate in the county court, but is held in abeyance by an appeal to the circuit court, and is not determined with finality so as to preclude the interest of the contestant, or of the proponent, until an order or judgment becomes final. An appeal prevents or holds in abeyance finality in this sense.

It is pointed out that the averments of the petition in

this case as to negligence and mishandling of the properties entrusted to Thomas as attorney-in-fact are general, and are not made with the particularity required in strict pleading. This is true. However, this proceeding is brought under section 5 of article 5 of chapter 44 of the Code, prescribing when new or additional bond may be required of fiduciaries, and that when an order of the county court is not complied with in this respect or "whenever from any other cause it appears proper" the county court may revoke and annul the powers of such fiduciary. This may be done "when it appears proper on any report of the clerk or a commissioner of accounts, or a commissioner in chancery, or on evidence adduced before it by any party interested". The section further provides that no such order shall be made unless reasonable notice shall have been given to such fiduciary. The section nowhere requires the filing of a petition. It does require the giving of notice to the fiduciary. Its plain intendment is that the fiduciary, before being required to go to hearing upon the charges embodied in any proceeding for his removal, shall be placed on adequate notice as to the substance of the charges, a reasonable time before he is required to defend at the hearing. This, in our opinion, is all that is required in a proceeding of this nature. The forms of averment ordinarily prescribed in actions at law and suits in equity are nowhere required in express language, nor, in our opinion, by intendment. In a proper case, the county court could doubtless require that the fiduciary, upon timely raising of the question, should be entitled to more specific specification of what he is required to meet upon the hearing. In the absence of such a request, we deem the general averments in this petition sufficient. They put the defendant on adequate notice of what he will be required to meet at the hearing. Any question of surprise can be dealt with at the hearing.

The action of the circuit court in sustaining the demurrer to the petition will be reversed, and the action in sustaining the demurrer to the plea will be affirmed.

*Affirmed in part; reversed in part; remanded.*