# CHARLESTON.

TAYLOR, *Admr.* v. VIRGINIA-POCAHONTAS COAL CO.

Submitted May 2, 1916.   Decided May 16, 1916.

1. PLEADING—*Plea in Abatement—Time for Filing.*

    Sec. 16, Ch. 125, Code, limiting the time for filing pleas in abatement, applies only to pleas to the jurisdiction of the court, where the declaration or bill shows on its face proper matters for the court's jurisdiction. It does not apply to a plea of *ne unques administrator,* which may be filed within the same time as a plea to the general issue. (p. 456).

2. EXECUTORS AND ADMINISTRATORS—*Appointment—Right to Appointment.*

    The sole distributee of a decedent, if *sui juris,* has an absolute right to be appointed administrator, and if he does not desire the appointment, or is unable to qualify, may designate the person to be appointed in his stead. (p. 457).

3. SAME.

    Where administration has been granted to a stranger, and the sole distributee, who has not previously declined the appointment, thereafter appears before the county court or the clerk thereof in vacation, and designates a suitable person for the appointment in his stead, it is the duty of the court or clerk, as the case may be, to appoint such person; and the order appointing him operates as a revocation of the former appointment, by virtue of Sec. 5, Ch. 85, Code. (p. 457).

Error to Circuit Court, McDowell County.

Action by B. H. Taylor, administrator, against the Virginia-Pocahontas Coal Company. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Strother, Taylor & Taylor,* for plaintiff in error.

*W. B. Kegley* and *Anderson, Strother, Hughes & Curd,* for defendant in error.

WILLIAMS, PRESIDENT:

B. H. Taylor, as administrator of Vest Brewster, deceased, brought this action against Virginia-Pocahontas Coal Company to recover damages for its alleged negligence in causing the death of his intestate, averring his appointment as

such administrator by the clerk of the county court of Mc-Dowell county on the 11th of April, 1911, and the subsequent confirmation thereof by said county court. Summons was issued on the 22nd of July, 1911, returnable to August Rules. At September Rules, 1911, and before the declaration was filed, defendant filed two special pleas, one averring the non-residency of defendant and attacking the validity of the service of summons, and the other a plea of *ne unques adminis-trator*, averring the previous appointment by the county court of McDowell county and qualification of Sylvester S. Booth, as administrator of the same decedent, whom plaintiff claims to represent, and denying plaintiff's right to maintain the action. The first of said pleas is not discussed in brief, and is apparently abandoned.

· On the 3rd of April, 1914, plaintiff objected to the filing of the last mentioned plea, and moved the court to strike it from the record. The motion was overruled and plaintiff replied generally; and, both parties waiving a trial by jury, the issue was submitted to the court. After hearing the evidence and arguments of counsel the court decided in favor of defendant and dismissed plaintiff's action, and he now seeks reversal of that judgment.

Much space in the briefs of counsel is devoted to a discussion of the question, whether the plea is one in abatement or in bar, counsel for plaintiff insisting that it is the former and was not filed in time, and should have been stricken from the record, while counsel for defendant contends that it is the latter, and insists that, even if it be technically a plea in abatement, it was, nevertheless, filed in due time. It has some of the characteristics of both kinds of pleas. The matters averred, if true, would defeat plaintiff's suit, and, in that respect, it is like a plea in bar; but it would not extinguish the cause of action; a judgment thereon would not bar a subsequent suit, for the same cause, by the proper administrator, and thus it resembles a plea in abatement. It does not serve to give plaintiff a better writ, which is one of the principal criteria for determining a plea in abatement; instead of giving a better writ it shows plaintiff is entitled to no writ whatever. But it is not necessary, for the purposes of this case, to de-

termine the technical name of the plea, as the question presented is, when may such a plea, as the one in question, be filed? The court's order of April 3, 1914, states that the plea was filed at September Rules, 1911; and the summons, made a part of the record by oyer thereof, shows that it was returnable to August Rules, and the rules entered by the clerk show that it was returned at that time, executed. But the declaration was not filed until November Rules, 1911; and, not until then, could there be a conditional judgment. Therefore, the plea was filed long before there was, or could have been a rule taken against defendant to plead; neither had defendant pleaded in bar, if this be not such a plea. Hence, even if it were admitted to be a plea in abatement for want of jurisdiction, as plaintiff contends it is, it was filed within the time prescribed by Sec. 16, Ch. 125, Code. The declaration in this case shows on its face proper matters for the jurisdiction of the court, and the limitation upon the time of filing pleas in abatement, prescribed by that section, applies only in such case. There is nothing appearing on the face of the declaration which even suggests want of jurisdiction in the court. But the plea does not assail the jurisdiction; it simply attacks plaintiff's official capacity, his title to the chose and right to maintain the suit. Whatever its proper technical classification, it is, nevertheless, such a plea as can be filed at any time the general issue could be pleaded. The statute prescribes no limitation upon the time of filing it.

But it does not follow from the facts averred in the plea, the truth of which are proven, that plaintiff is not the true administrator of deceased, having the right to maintain the action. Deceased was the bastard child of Liz Brewster, and lived with his reputed father, Sylvester S. Booth, for a number of years previous to the time of the fatal accident. On the 8th of September, 1909, within eight or ten days after the boy's death, Sylvester S. Booth, upon his own motion, was appointed by the clerk of the county court of McDowell county, as his administrator, under the name of Sylvester S. Booth, Jr., the name by which deceased was generally known in the community in which he lived. That appointment was confirmed by order of the county court on the 4th of October,

1909, and has not been expressly revoked by order of court. The boy's mother, who had in the meantime married and was living in another community, did not know of his death until long after it had occurred; and on hearing that he was killed in defendant's coal mine, under circumstances which might render it liable in damages, and not knowing that anyone had been appointed as his administrator, she applied to the clerk of McDowell county court to be appointed; and, not being able to give the required bond, she designated plaintiff, and requested the clerk to appoint him in her stead, which he did on the 11th day of April, 1911; and that order was likewise confirmed shortly thereafter by said county court. The name of deceased appears in that order as Ves Brewster, Brewster being the maiden name of his mother. Neither plaintiff, nor the clerk of the court, appear to have known that Sylvester S. Booth had been previously appointed. It is admitted that Sylvester S. Booth, Jr. and Ves Brewster are one and the same person. That, generally, there can not be two grants of administration, for the same decedent, to separate and distinct persons, within the same jurisdiction, is also admitted; the second appointment is usually held to be void. Whether it is so in this case, depends upon the construction of Sec. 5, Ch. 85, Code. One provision of that section is as follows: "if after administration is granted to a creditor, or other person than a distributee, any distributee who shall not have before refused, shall apply for administration, there may be a grant of probate or administration in like manner as if the former grant had not been made, and the said former grant shall thereupon cease." The boy's mother is his sole distributee and was entitled, under Sec. 4 of that chapter, to preference in the appointment. She could not give the required bond and designated plaintiff, whom the clerk appointed in her stead. Had she the right to name a substitute, is the question to be decided. It is argued that her right to the appointment is a non-delegable personal privilege, extended to the distributee only. That she had the right to be appointed, and thus to have defeated the previous appointment of Booth, there can be no question, but that she could delegate that right to another is not so clear. Apparently, the

statute does not prefer the distributee because of any peculiar fitness to fill the office, but on account of his or her beneficial interest in the estate to be administered. Where there is but one distributee, as in this case, the right seems to be absolute, as in the case of a husband or wife of a decedent. If such distributee is *sui juris,* the court has no discretion to refuse the appointment. Why, therefore, may not the person having the sole right delegate it to another? The statute does not prohibit it, and we perceive nothing in the policy of the law to forbid it. In equity, deceased's mother is the sole owner of all the property belonging to his estate; no other person is so vitally interested in its proper administration as she, and consequently she ought to be permitted to name the administrator. She might not have such right if she were not the sole distributee. Being nominated by the sole distributee, who had not previously declined administration herself, and having been appointed and qualified, pursuant thereto, plaintiff is entitled to the office of administrator of deceased. The effect upon the appointment of Sylvester S. Booth is the same as if the distributee had been appointed instead of plaintiff. The statute expressly says it is "as if the former grant had not been made." It further provides that, "the former grant shall thereupon cease." This language is too plain to admit of construction, and requires no comment. The appointment of plaintiff, *ipso facto,* revoked the previous appointment of Sylvester S. Booth; no order of revocation by a court was necessary.

It follows that the court's finding on the issue joined on the special plea, and his judgment dismissing plaintiff's suit are erroneous, and the judgment will be reversed, the plea dismissed and the cause remanded for further proceeding therein according to law.

*Reversed and remanded.*