G. H. A. KUNST, JUDGE,
concurring in part.
I concur in Judge Bland’s opinion that negligence of respondent contributing to the escape of this convict is not proven; also that an award should be denied claimant.
I do not concur in the doctrine that if negligence of respondent contributing directly to his escape had been fully shown that respondent would have incurred liability.
Kuhns v. Fair, 124 W. Va. 761; 22 S. E. (2d) 455, holds that the custodian of convicts is not personally liable for a tort committed by a convict, unless, by breach of duty, he directly participated in the commission of the tort.
Negligence is the breach of duty considered. In the Supreme Court case negligence contributes to, or is the proximate cause of the tort; in the other, between the negligence and resulting escape and the tort there is an intervening criminal act of a responsible agency; the causal connection between the first negligent act and the tort is broken. The last act in legal contemplation is regarded as the sole cause of the tort, the proximate cause thereof.
Negligence to be actionable must be the proximate cause of the injury. Proximate cause is the superior, or controlling agency as distinguished from incidental or subsidiary cause. It is the last negligent act contributing thereto and without which such tort would not have resulted.
No recovery can be allowed against a defendant for an injury which resulted from a criminal act of a third person, although there existed at the time a condition which made the act pos *74 sible, or less difficult to accomplish and which was produced by the negligence of defendant.
In the instant case, negligence of the guard and respondent is not proven. Preponderance of evidence is to the contrary. And if negligence contributing directly to the escape had been proven, it would not have constituted the proximate cause of the injury to claimant.
The opinions cited and relied upon by counsel for claimant are not in point and do not apply to the facts of the case.
In my opinion, the correct legal doctrine applicable to the facts in this case, was stated by me in my concurring opinion in the case of Herbert Fisher v. State Board of Control, 2 Ct. Claims (W. Va.) 428, as follows:
"... A defendant's negligence is too remote to constitute the proximate cause, where an independent illegal act of a third person intervenes, which, because it is criminal, defendant is not bound to anticipate, and without which such injury would not have been sustained. ...”
Very much legal authority supporting this doctrine is cited by the attorney general in his brief filed herein, which I shall not encumber the record by repeating.