# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**December 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD B. TIMMIS,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-235**       (Cir. Ct. Doddridge Cnty. Case No. CC-09-2022-P-13)

**CHARLES P. ANDREW,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Richard B. Timmis appeals the Circuit Court of Doddridge County's October 13, 2022, order. In that order, the circuit court concluded that Mr. Timmis was not qualified to serve as administrator of the estate of his deceased wife, Jacqueline Timmis, because Mr. Timmis was the defendant in a civil action brought against him by the Estate of Jacqueline Timmis. Respondent Charles P. Andrew filed a summary response in support of the circuit court's order.[1] Mr. Timmis filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. Therefore, a memorandum decision reversing the circuit court's order is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

The facts of this matter are not in dispute. At all times relative hereto, Jacqueline Timmis was the daughter of Respondent Mr. Andrew and the wife of Petitioner Mr. Timmis, with whom she had two children. On November 6, 2020, a warrant was issued for the arrest of Mr. Timmis for the domestic assault of his wife, Ms. Timmis. On December 29, 2020, Mr. Timmis pleaded guilty to one count of misdemeanor domestic battery against Ms. Timmis.

On May 20, 2021, Ms. Timmis and the Timmis children were involved in a motor vehicle accident in Doddridge County, West Virginia. Ms. Timmis and one of the children were killed. Both died intestate. At the time of the accident, Mr. Timmis and Ms. Timmis

---

[1] Mr. Timmis is represented by James R. Leach, Esq., Victoria J. Sopranik, Esq., and Devyn R. Leach, Esq. Mr. Andrew is represented by George J. Cosenza, Esq.

were married, but were separated and a petition for divorce had been filed, though no final order had been entered.

On June 3, 2021, Mr. Andrew appeared before the Clerk of the County Commission of Doddridge County ("Clerk") and requested to be appointed as the administrator of the estates of Jacqueline Timmis and her deceased child. Mr. Andrew was appointed administrator of the estates on June 4, 2021. Later that same day, Mr. Timmis appeared before the Clerk to be appointed administrator of both estates. The Clerk reviewed the application by Mr. Timmis, then notified Mr. Andrew, through his counsel, that she was revoking the grant of administration of Mr. Andrew and appointing Mr. Timmis as administrator of both estates.

On June 10, 2021, Mr. Andrew filed a petition for writ of prohibition in the Circuit Court of Doddridge County, against the County Commissioners of Doddridge County and the Clerk. The petition requested that the respondents therein be prohibited from revoking Mr. Andrew's appointment as administrator of the estates and from appointing Mr. Timmis as administrator of the estates. Mr. Timmis sought to intervene in the proceeding on the basis that he was the surviving spouse and biological father of the children of Ms. Timmis, and, thus, he was the sole heir and distributee of the estates.

Mr. Andrew filed a response to the motion to intervene, arguing that Mr. Timmis could not legally act as administrator because it would be a conflict of interest due to the yet unfiled personal injury claim on behalf of his daughter's estate against Mr. Timmis based on Mr. Timmis' December 29, 2020, guilty plea. Mr. Andrew simultaneously filed an amended petition for writ of prohibition that added an additional count alleging that this conflict of interest would disqualify Mr. Timmis. On July 8, 2021, the circuit court entered its order granting the writ of prohibition, setting aside the appointment of Mr. Timmis, reinstating Mr. Andrew as the administrator of the estates and denying Mr. Timmis' motion to intervene. In that order, the circuit court concluded that the Clerk did not have the statutory authority to remove Mr. Andrew once she made the appointment. The circuit court's order noted that Mr. Timmis' only remedy was to file an objection to the appointment of Mr. Andrew with the county commission.

Thereafter, on August 26, 2021, Mr. Andrew, as Administrator of the Estate of Jacqueline Timmis, filed a lawsuit in the Circuit Court of Doddridge County alleging the personal injury of Ms. Timmis based on the prior domestic abuse of Ms. Timmis by Mr. Timmis. On that same date, Mr. Andrew, as Administrator of the Estate of Jacqueline Timmis, also filed a wrongful death complaint against KAS Trucking, LLC, and one of KAS Trucking, LLC's employees, arising from the May 20, 2021, motor vehicle accident.

On an unknown date, Mr. Timmis filed, with the county commission, an objection to the qualifications of Mr. Andrew as administrator of both estates and a petition to remove Mr. Andrew as administrator of both estates with the appointment of Mr. Timmis in his

stead. A hearing was held on December 20, 2021, before the county commission. On January 4, 2022, the county commission entered an order that rejected Mr. Andrew's argument that Mr. Timmis was disqualified due to the lawsuit filed against him by the estate of Ms. Timmis. The order removed Mr. Andrew as the administrator as if he had never been appointed, voided all actions taken by Mr. Andrew *ab initio,* and appointed Mr. Timmis as the administrator of both estates as of June 4, 2021.

Mr. Andrew appealed the January 4, 2022, order of the county commission to circuit court only as it related to the estate of Ms. Timmis.[2] Mr. Timmis filed a motion to dismiss the appeal, arguing that since Mr. Andrew was not a distributee of the estate of Ms. Timmis, he had no standing to pursue the appeal; that Mr. Timmis was not disqualified because of a potential claim by Ms. Timmis' estate against him; and that Mr. Andrew failed to properly file and perfect the appeal. On August 22, 2022, a hearing was held on the appeal and motion to dismiss. On October 13, 2022, the circuit court entered an order that granted Mr. Andrew's petition for appeal and denied Mr. Timmis' motion to dismiss. The circuit court concluded that because of the estate's pending lawsuit against Mr. Timmis and Mr. Timmis' clear intention not to proceed with the suit if he is named administrator of the estate, Mr. Timmis could not, as a matter of law, act in a fiduciary capacity as is required of an administrator. The circuit court went on to vacate Mr. Timmis' appointment, restore Mr. Andrew as the administrator, and hold that "[i]nasmuch as the Order of the 4th day of January, 2022, of the County Commission of Doddridge County, West Virginia, purports to affect the Orders of the Circuit Court of Doddridge County, West Virginia, the same is *ultra vires*." The circuit court denied Mr. Timmis' motion to dismiss "insomuch as the [circuit court] has jurisdiction of this matter." It is from this order that Mr. Timmis appeals.

On appeal, we apply the following standard of review: "'This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*' Syllabus Point 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)." Syl. Pt. 1, *State v. Spade*, 225 W. Va. 649, 695 S.E.2d 879 (2010).

As noted previously, the facts of this matter are not in dispute; rather, resolution of this appeal turns solely on questions of law and application of the facts to the law. The crux of the circuit court's October 13, 2022, order is that if Mr. Timmis remained as administrator of Ms. Timmis' estate, he would have a conflict of interest due to the lawsuit against him resulting in a breach of his fiduciary duty. Mr. Andrew argues that if Mr. Timmis does not pursue the lawsuit against him, the "potential benefit to the remaining heir of [Ms. Timmis] would be compromised and the ends of justice will not be served."

---

[2] Mr. Andrew did not seek to appeal his removal as the administrator of the estate of the deceased Timmis child.

Under West Virginia law, appointment as administrator of a decedent's estate imposes a fiduciary duty on the administrator to the beneficiaries of the estate. *See* Syl. Pt. 1, *Latimer v. Mechling,* 171 W. Va. 729, 301 S.E.2d 819 (1983) ("The personal representative of the estate of a deceased acts in a fiduciary capacity. His duty is to manage the estate under his control to the advantage of those interested in it and to act on their behalf."). Therefore, Mr. Timmis' fiduciary duty is to the beneficiaries of Ms. Timmis' estate.

Since Ms. Timmis died intestate, the beneficiaries of her estate are determined by statute. Pursuant to West Virginia Code § 42-1-3(a)(2) (1993), the intestate share of a surviving spouse of the decedent is the entire estate of the decedent if "[a]ll of the decedent's surviving descendants are also descendants of the surviving spouse and there is no other descendant of the surviving spouse who survives the decedent[.]" Here, Mr. and Ms. Timmis had two children born of their marriage. There is nothing in the record and no assertion by either party that either Mr. Timmis or Ms. Timmis had any other descendants. Therefore, Mr. Timmis, as the surviving spouse of Ms. Timmis, is entitled to Ms. Timmis' entire estate. Accordingly, since Mr. Timmis is the only beneficiary/distributee of the estate, Mr. Timmis, as administrator of Ms. Timmis' estate, has a fiduciary duty only to himself as it relates to the assets of the estate. Neither the circuit court nor Mr. Andrew explain how under these circumstances, Mr. Timmis would have a conflict of interest or how he would breach his fiduciary duty as administrator by failing to pursue the lawsuit against him when he is the only beneficiary/distributee of the estate of Ms. Timmis.[3]

In regard to the circuit court's ruling that "[i]nsofar as the Order of the 4th day of January, 2022, of the County Commission of Doddridge County, West Virginia, purports to affect the Orders of the Circuit Court of Doddridge County, West Virginia, the same is *ultra vires*[,]" it appears that the circuit court was concerned with the county commission's ruling that the acts of Mr. Andrew, while serving as administrator, were void *ab initio*. According to the circuit court, Mr. Andrew was the lawful administrator due to his

---

[3] Though neither Mr. Andrew nor the surviving Timmis child are entitled to any part of Ms. Timmis' estate and, accordingly Mr. Timmis owes them no fiduciary duty as it relates to the assets of the estate, that is not to say that Mr. Timmis owes no duty as administrator to Mr. Andrew and the surviving Timmis child as potential beneficiaries of a wrongful death claim. However, since the lawsuit against Mr. Timmis is wholly unrelated to the wrongful death claim, and any proceeds of the wrongful death claim would not become an asset of the estate, we cannot say that Mr. Timmis would breach his fiduciary duty to the potential beneficiaries of the wrongful death claim by failing to pursue the lawsuit against him. *See* Syl. Pt. 4, *McClure v. McClure,* 184 W. Va. 649, 403 S.E.2d 197 (1991).

installation by the circuit court as a result of the writ of prohibition[4] filed by Mr. Andrew and therefore the county commission was beyond its authority in declaring void any actions by Mr. Andrew. This Court notes:

> The jurisdiction for probate matters, such as the appointment and qualification of personal representatives . . . has been vested by the Legislature in the county commissions . . . or the officers of such county commissions or tribunals, not in circuit courts or their officers. *See generally,* W. Va. Code § 44–1–1 *et seq.* Thus, it is the county commission which may revoke and annul the powers of a fiduciary under whose order, or under the order of whose clerk, any such fiduciary derives his authority "whenever from any cause it appears proper . . . ." W. Va. Code § 44–5–5 (1982).

*Haines v. Kimble*, 221 W. Va. 266, 274, 654 S.E.2d 588, 596 (2007) (per curiam) (footnote omitted).

The July 8, 2021, order of the circuit court was based upon a procedural defect, that is, that the Clerk did not have the authority to unilaterally remove Mr. Andrew as administrator once the Clerk made the appointment and that the statutory process for objecting to Mr. Andrew's appointment as contained in West Virginia Code § 44-1-14a (2017) should have been followed instead. Leaving aside the propriety of such a ruling by the circuit court, following the circuit court's order, Mr. Timmis filed a notice of objection to the qualifications of Mr. Andrew and a petition to remove Mr. Andrew as administrator with the county commission, thereby curing the procedural defect that formed the basis for the circuit court's July 8, 2021, ruling. Following a hearing, the county commission correctly concluded, among other things, that pursuant to West Virginia Code § 44-1-4(a) (2019), Mr. Andrew, who was not a distributee of the estate of Ms. Timmis, could not qualify as administrator within the first thirty days following the death of Ms. Timmis and that Mr. Timmis, who was not disqualified from being administrator, as the sole distributee of the estate, had an absolute right to be appointed as administrator pursuant to Syllabus Point 2 of *Taylor v. Virginia-Pocahontas Coal Co.*, 78 W. Va. 455, 88 S.E. 1070 (1916).

Pursuant to West Virginia Code § 44-1-6 (2021), if after administration is granted to a person other than a distributee, "any distributee who shall not have before refused shall apply for administration, there may be a grant of probate or administration, after reasonable

---

[4] Though the July 8, 2021, order of the circuit court is not on appeal to this Court, we note that "[a] person who is not a distributee of the estate of an intestate does not have such an interest in the appointment of an administrator of the estate of a deceased intestate as will entitle him to maintain a proceeding in prohibition to prevent the appointment[.]" Syl. Pt. 7, in part, *State ex rel. Linger v. Cnty. Ct. of Upshur Cnty.*, 150 W. Va. 207, 208, 144 S.E.2d 689, 692 (1965).

notice to such creditor or other person theretofore appointed, in like manner as if the former grant had not been made[.]" As discussed previously, Mr. Andrew is not a distributee of Ms. Timmis' estate, thereby making his appointment as administrator a grant of administration to a person other than a distributee. Therefore, once Mr. Timmis, the sole distributee of Ms. Timmis' estate who never refused to serve as administrator, applied to be named administrator, and Mr. Andrew received notice, the county commission could appoint Mr. Timmis "as if the former grant" to Mr. Andrew "had not been made[.]" *See id.* Therefore, the county commission acted within its statutory authority when it declared the actions of Mr. Andrew while administrator void *ab initio*.

Finally, Mr. Timmis asserts that the circuit court should have refused Mr. Andrew's appeal because Mr. Andrew did not obtain a bill of exceptions or a certificate as required by West Virginia Code § 58-3-3 (1881), and because his petition for appeal was not accompanied by the original record as required by West Virginia Code § 58-3-4 (1882). As an initial matter, we note that pursuant to Rule 80(f) of the West Virginia Rules of Civil Procedure, bills and certificates of exception are abolished. In regard to the filing of the original record with the petition, West Virginia Code § 58-3-4 states that a petition for appeal from an order of the county commission "shall be accompanied by the original record of the proceeding in lieu of a transcript thereof." In his summary response, Mr. Andrew simply states, without citation to the record, that his appeal was properly perfected. Given that it appears that the original record was not filed with the petition for appeal, Mr. Andrew's appeal was not properly perfected, and the circuit court should have refused the appeal.

Accordingly, based on the foregoing, we find that the circuit court abused its discretion by vacating Mr. Timmis' appointment and restoring Mr. Andrew's appointment. Therefore, we reverse the circuit court's October 13, 2022, order.

Reversed.

**ISSUED:** December 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6