## CIRCUIT COURT OF ARLINGTON COUNTY

In re Estate of Johanna Morrison

November 2, 1977

Case No. (Fiduciary) 22096

By JUDGE CHARLES H. DUFF

The sole issue presented at this stage of the proceedings is whether Sec. 64.1-119 of the Code requires, under all circumstances, that the Court appoint a distributee as personal representative of a decedent whenever the distributee presents himself after a non-distributee has duly qualified. Phrased differently, does the statute repose any discretion in the Court?

The statute is of early origin in the Commonwealth and in the Code of 1819, Chapter 104, Sec. 34, the mandatory word "shall" appeared instead of the permissive word "may." Thereafter the Legislature amended the statute and the permissive "may" appears in the Code of 1849 substantially as in our present Code.

While involving a somewhat different factual pattern, the case of *Hutcheson v. Priddy*, 53 Va. (12 Gratt.) 85 (1855), held that a statute allowing vacation of administration previously granted to a sheriff was not imperative on the County Board but was discretionary. The Court expressly held that the sheriff stood on the same footing as any other administrator. Interestingly, a dissenting opinion by Judge Moncure observed that the change from the word "shall" to "may" in his opinion made no alteration in the prior law. As indicated, however, his view constituted the sole dissent of an otherwise majority opinion.

I have likewise examined *In re Stollings Estate*, 95 S.E. 446 (W. Va.), *Haxall v. Lee*, 29 Va. (2 Leigh)

290 (1830), and the other authorities cited. I am of the opinion that the statute does not absolutely require the appointment of a distributee under the circumstances revealed in this case.

The exercise of judicious discretion in the matter envisions further evidence on both sides.