# CHARLESTON.

IN RE RUMFORD'S WILL. HORNBROOK v. LUTZ. *et al.*

Submitted January 26, 1909.  Decided October 26, 1909.

1.  WILLS—*Foreign Will—Admissibility.*

An authenticated copy of a will probated without this State, when it appears from the certificate of probate that it was proved in the foreign court to have been so executed as to make it a valid will of real estate in this State, is properly admitted as evidence in the circuit court on appeal under sections 3161 and 3162, Code (1906), from an order of the county court probating a former will made by the same testator purporting to devise real estate in this State.  (p. 43.)

2.  SAME—*Foreign Will—Proof.*

It is sufficient evidence that a will probated in a foreign jurisdiction was there proven to have been executed in the manner required by the laws of this State to pass title to lands in this State, if the facts proven are all that are required by the law of this State and are made to appear either by the order admitting the will to probate or by any other portion of the record of the probate proceedings, properly certified.  (p. 43.)

3.  SAME—*Foreign Will—Admissibility—Necessity of Probate.*

It is not necessary that such authenticated copy should be first probated in a county court in West Virginia before it is offered as evidence in the circuit court in an appellate proceeding to determine the question which one of two or more wills is the true last will of testator.  (p. 42.)

4.  SAME—*Review of Probate—Circuit Court.*

The circuit court, by an order made in an appellate proceeding taken under section 3161, Code (1906), setting aside the order of the county court appealed from and adjudging such authenticated copy to be the true last will of testator and directing the clerk of the county court to admit it to record and probate as such, is not exercising original jurisdiction in the matter of probate of wills, but is acting as an appellate court. (p. 42.)

5.  SAME—*Probate—Appeal—Pleading.*

In an appellate proceeding under section 3161, Code (1906), to determine the question which one of two or more wills is the true last will of testator, it is not necessary that an issue should be presented by a written, or formal, plea to the petition.  Section 3162, Code (1906), determines the issue to be tried.  (p. 44.)

Error to Circuit Court, Ohio County.

Petition of Charles P. Hornbrook for an appeal from an order of the county court probating a will as that of Dora L. H. Rumford, deceased, and asking that it be set aside, and that another will be declared to be her last will. The order was set aside and the clerk of the county court ordered to admit to record the latter will, and George W. Lutz and another, executors under the former will, bring error.

*Affirmed.*

*Noyes & Ritz* and *John A. Howard,* for plaintiffs in error.

*Frank P. McNell* and *John O. Pendleton,* for defendant in error.

WILLIAMS, JUDGE:

Dora L. H. Rumford, residing at Oakland, Almeda county, California, died on the 12th day of August, 1906, at the place of her residence. She had executed two wills, by both of which she devised land situate in West Virginia. The first bears date either the ...... day of December, 1905, or the 27th day of January, 1906, and the second August 7, 1906. The second will contains a clause expresssly revoking all former wills. The first was probated in the county court of Ohio county, West Virginia, September 24, 1906, on the motion of Wm. V. Hoge and Geo. W. Lutz, who were the executors named in the will. The second will was probated in the superior court of the county of Almeda, California, on the 23rd day of April, 1907.

On the 16th day of August, 1907, Chas. P. Hornbrook, defendant in error, a resident of Almeda county, California, and the executor named in the second will, filed his petition in the circuit court of Ohio county, West Virginia, praying for an appeal from the order of the county court probating the first will, and asking that it be set aside and that the second will be declared to be the true last will and testament of Dora L. H. Rumford; deceased. He exhibited with his petition a certified copy of the records from the Superior Court of Almeda county in the probate proceedings. This copy includes the will, testimony of the attesting witnesses taken in open court, the order of probate and the certificate of the judge of the facts proven.

On the 5th of August, 1908, the matter was finally heard in the circuit court of Ohio county and an order made holding that the will which had been probated in Ohio county, West Virginia, was not the last will of Dora L. H. Rumford, but that the will which had been probated in Almeda county, California, was her true last will and testament, and the court set aside the order of the county court of Ohio county and ordered the clerk of the county court of Ohio county to admit to record and probate in said court the copy of the will which had been probated in California.

From this order a writ of error and *supersedeas* was awarded by this Court on the 5th day of October, 1908, to George W. Lutz and W. V. Hoge, the executors named in the first will.

The following errors are assigned by them, viz:

(1.) The refusal to grant plaintiffs in error a continuance.

(2.) That the circuit court has not original jurisdiction to probate wills.

(3.) That the evidence on which the will was probated in the court of California is not made a part of the record by bill of exceptions, and is not properly certified or identified.

(4.) That the will was improperly probated as a will of real estate.

(5.) That it was error to admit the certified copy of the California will as evidence against Eugene Lutz, because she was not a party to the probate proceedings in California.

(6.) That there was no issue joined.

Respecting these assignments of error we conclude:

(1.) The matter of refusing a continuance was within the discretion of the court, and we can not see that there was any abuse of this discretion, or that the plaintiffs in error were prejudiced by the refusal of the court to continue the cause.

(2.) The proceeding in the circuit court of Ohio county was not an original application to that court for the probate of the second will. It was a proceeding by appeal, under section 3161, Code 1906, from the order of the county court of Ohio county probating the first will; and in order to determine whether or not the order of the county court was erroneous, it was necessary to prove that the will probated by it was not the last will of Dora L. H. Rumford, deceased, and in order

to prove this it was necessary to prove the due execution of the later will which expressly revoked the former one.

Section 3162 of the Code provides: "If there be more than one testamentary paper in question in any such proceeding, the court shall order them all to be produced." There being two testamentary papers bearing different dates, it was necessary for the court to decide whether or not the last one had been properly executed. This was essential to determine whether or not the order appealed from should be reversed. This section further provides: "and if no such trial (by jury) be asked, the court shall proceed without a jury to decide the question of probate and shall make and enter in relation thereto, such final sentence or order as the law and evidence may require. A copy of such sentence or order shall, if the will be admitted to probate, together with the will so admitted, be returned to and filed in the office of the clerk of the county court." The order of the circuit court conforms to this provision of the statute. It directed the county court to admit to record the second will which the circuit court was obliged to ascertain was in fact the true last will and testament, before it could reverse the order of the county court appealed from. This section of the code expressly authorizes the circuit court in this proceeding which, notwithstanding called an appeal, is, nevertheless, a trial *de novo,* to determine which one of any number of wills is the true will. This it may do although only one of the wills presented may have been probated, or offered for probate, in the county court. "The will so admitted" is then to be returned to the county court together with the order of the circuit court admitting it, and, upon the authority of this order, the clerk of the county court must record it in his office. Secs. 3161 and 3162, Code (1906).

The 3rd, 4th and 5th assignments of error all depend upon the one question, whether or not the copy of the will is shown by the certificate of probate thereof made in the superior court of Almeda county, California, to have been executed in the manner required by the law of West Virginia in order to pass title to land situate in West Virginia.

In respect to passing of title to real estate the *lex loci rei sitae* governs, and the statute providing for the probate of a copy of a will probated without the jurisdiction of this State

adheres to this rule.  Sec. 3157, Code 1906, contains this provision, viz: "and if it appear from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of land in this State by the law thereof, such copy may be admitted to probate as a will of real estate." The words "such copy" refer to the words "authenticated copy and certificate of probate thereof," used in the first sentence of this section.

It is insisted by plaintiffs in error that the proof of the due execution of the will must be embodied in the order of probate itself before ancillary probate can be made in this State.  We do not think so.  It is sufficient if it appear in the certified record of the probate proceedings.

The words "certificate of probate thereof" are broad enough to include not only a certified copy of the order admitting the will to probate, but also the certificate of the judge of the probate court setting forth the facts proven, and the certified testimony of the subscribing witnesses when taken in open court.  In the present case they are all embraced in the clerk's certificate of the record of the probate proceedings; and, notwithstanding the order of probate itself does not set forth the evidence, or all the facts proven, and consequently does not show that the will was proven to have been executed in the manner required by the law of West Virginia in order to pass title to real estate situate in West Virginia, yet all the essential prerequisites to make it a good will of real estate in West Virginia are shown to have been proven in the probate proceeding in California both by the certificate of the judge and the certificate of the testimony of the two subscribing witnesses taken in open court.  It was not necessary to make the evidence a part of the record by bill of exceptions as in case of an appeal.  The judge's certificate and the testimony of the subscribing witnesses are shown by the clerk's certificate to be a part of the record of the probate proceeding.  He certifies that he had compared "the annexed copies of will, petition, testimony of applicant, testimony of witnesses, certificate of proof, order admitting will and letters, testamentary in the matter of the estate of Dora L. H. Rumford, deceased, with the original records thereof, now remaining and forming part of the records of the office of said county clerk and of the office of the clerk

of said superior court, and have found and do hereby certify the same to be true and correct copies of said original records and a transcript therefrom, and to the whole of such original record." The judge's certificate of the facts proved, and the testimony of the subscribing witnesses are, therefore, evidence that the will was proven to have been executed in the manner required by the laws of West Virginia to pass title to real estate in West Virginia. *Ex parte Povall,* 3 Leigh 816; *Roscoe* v. *Lumber Co.,* 124 N. C. 42.

The record of the superior court of Almeda county, California, is certified in the manner required by the Act of Congress respecting the records of the courts of one state intended to be used as evidence in the courts of another state. The certified copy of the second will was therefore, properly admitted as evidence of the due execution of a later will than the one previously probated in Ohio county, West Virginia.

The fact that Lugene Lutz, one of the legatees, was not a party to the probate proceedings in California cannot affect the case, as the probate order is in the nature of a judgment *in rem* and cannot be collaterally attacked.

It is insisted that there was no issue before the circuit court of Ohio county, West Virginia. The question presented was whether, or not, the will which had been probated in Ohio county was the last will of Dora L. H. Rumford. That the question, or issue, was not presented by technical pleadings is immaterial, since the statute itself (section 3162 of the Code) states the point to be decided. If the matter had been submitted to trial by jury the court by its order would have directed the issue, without further pleading. But neither party demanded a jury and the court decided the question which, otherwise, it would have presented to the jury; and the final order entered by the court clearly shows what the matter in issue was. There is no ambiguity concerning the question litigated and decided.

We find no error in the order appealed from and, therefore, affirm it.

*Affirmed.*