# CHARLESTON.

IN RE THE ADMINISTRATION OF THE ESTATE OF JOEL STOLLINGS.

Submitted February 12, 1918.    Decided March 5, 1918.

1. EXECUTORS AND ADMINISTRATORS—*Appointment—Distributee—Statute.*

The clause in sec. 5, ch. 85, Code, providing for a grant of administration to a distributee who has not declined the trust, on his application therefor, after the lapse of thirty days from the death of the intestate and the appointment of a creditor of the intestate or other person who is not a distributee, is mandatory, and an application so made must be granted, if the applicant is a person fit for the trust and able to qualify. (p. 20).

2. SAME—*Appointment—Mother of Infant Distributee.*

If a sole distributee is an infant of tender years and, for that reason, unable to obtain administration in his own right or to nominate a person for the trust, his mother, as his natural guardian, custodian, nearest relative and prospective heir, the father being dead, may demand the administration in her own name and on his behalf, and it is the duty of the county court having jurisdiction, to grant it to her upon a proper application therefor, if she is a suitable person and able to qualify. (p. 20).

Error to Circuit Court, Logan County.

Petition by Anna B. Stollings for appointment as administratrix of the estate of Joel Stollings, deceased, in lieu of the appointment of L. D. Stollings previously made by the clerk of the county court. From a judgment of the circuit court, affirming an order of the county court, dismissing the petition, petitioner brings error.

*Reversed and remanded, with directions to grant administration to petitioner.*

*Enslow, Fitzpatrick & Baker,* for plaintiff Anna B. Stollings.

*Chafin & Bland,* for defendant L. D. Stollings.

POFFENBARGER, PRESIDENT:

The disposition of this writ of error to a judgment of the Circuit Court of Logan County rendered on an appeal from

an order of the County Court of said county, dismissing the petition of Anna B. Stollings, praying for her appointment to the office and trust of administratrix of the personal estate of Joel Stollings, her deceased husband, in lieu of the appointment of L. D. Stollings, father of the decedent, as his administrator, previously made by the clerk of the County Court of said county, involves the interpretation and construction of sec. 4 of ch. 85 of the Code, relating to the right of administration of the estates of persons dying intestate.

The grounds of the resistance of the widow's right of administration, by the appointee, and denial thereof, by the court, were delay in her application and her alleged lack of interest in the estate, she having deserted and abandoned her husband, without cause such as would have entitled her to a divorce, nearly five years before the date of his death. As to her relations with her husband and the circumstances of their separation, her testimony only was taken, and she admits she left his home at night, while he was temporarily away at work, and without any cause or reason other than the occasional occurrence of petty quarrels between them. They were married March 26, 1909, a son was born to them March 22, 1910, and she left him January 16, 1911, going to the city of Huntington in Cabell County and taking the child with her. He remained in Logan County until on or about February 5, 1916, on which date he was killed by a train of the Chesapeake & Ohio Railway Co., at a crossing, by a collision of the train with a wagon on which he was riding. Notwithstanding his death in Logan County and lack of any estate of any character, left by him in Cabell County, the widow, on February 23, 1916, applied for letters of administration in that county and they were granted to her. On May 1, 1916, L. D. Stollings, on his application was appointed in Logan County, as has been stated. Before the appointment made by the clerk of the county court of that county had been confirmed by said court, the widow filed her petition therein, for the purpose and with the result aforesaid.

The jurisdiction of the County Court of Logan County is not controverted. As to it, the parties are agreed and the statute is plain. Code, ch. 77, sec. 22.

There is no claim that L. D. Stollings is a distributee of the estate, but it is insisted that the widow, by her desertion, has precluded herself from such right in the estate as she would have had, if she had continued to live with her husband until the time of his death. The estate consists only of the claim for damages against the railroad company, which inures to the benefit of the parties and in the proportion provided by law in relation to the distribution of personal estate left by persons dying intestate. Code, ch. 103, sec. 6. If not precluded from participation in the estate, by reason of her desertion, the widow is entitled to one-third of the recovery or amount paid as such damages. Clause 3, sec. 9, ch. 78, Code. If a widow is barred of her dower in the estate of her husband under any provision of law, she is denied the benefit of the provision made for her out of his personal estate. Code, ch. 78, sec. 12. If a wife voluntarily leave her husband, without cause such as would entitle her to a divorce from the bonds of matrimony or from bed and board, and without such cause and of her own free will, be living separate and apart from him at the time of his death, she is barred of her dower. Code, ch. 65, sec. 7. If right of administration in the plaintiff in error depended entirely upon her right of participation in the distribution of the estate, it would be necessary to determine here, for the purposes of this proceeding, whether she is a beneficiary of the estate or not. But, if she has right of administration on the ground of her relation to the child, she being his natural guardian, it is unnecessary to say whether or not she is barred of her right as a distributee. The child's interest in the estate is incontrovertible, and she, as his natural guardian and the person standing nearest to him in all respects, may be entitled to control the administration.

The statute accords preference to distributees in the award of administration, in these terms: "Administration shall be granted to the distributees who apply therefor, preferring first the husband or wife, and then such of the others entitled to distribution as the court shall see fit." Code, ch. 85, sec. 4. If none of them apply for it within thirty days, the court may grant it to a creditor or any other person. Id. "If after administration is granted to a creditor or other per-

son, any distributee who shall not have before refused, shall apply for administration, there may be a grant of * * * * administration in like manner as if the former grant had not been made." Code, ch. 85, sec. 5; *Taylor* v. *Virginia-Pocahontas Coal Co.,* 78 W. Va. 455. Distributees constitute a class of persons outside of which the county court cannot go in the selection of an administrator, if any member of the class, able to qualify, applies for administration within thirty days; and, if any other person has been appointed for lack of an application by a member of that class, the court may still appoint a distributee who has not refused appointment, and put him in the place of such other person.

The inquiry narrows down to these two questions: (1), whether the provision quoted from sec. 5, ch. 85, is mandatory, and (2), if so, whether the applicant is entitled to assert the right of a distributee, on behalf of the child. Principles declared in *State* v. *Stepp,* 63 W. Va. 254, and *Ex parte Doyle,* 62 W. Va. 280, and decisions therein referred to and discussed make this provision clearly mandatory. It accords or preserves to a distributee who has failed to apply for administration within thirty days, the right to be substituted for the stranger appointed and authorizes the court to make the substitution. This power of substitution is conferred upon the court for his benefit. No right of the public is involved and, if the applicant is fit for the trust and qualifies, no creditor or other person has any reason or cause for objection or complaint, nor can the substitution injure him. The grant or preservation of such right harmonizes with the policy and spirit of the law of administration. Ordinarily, the right of administration or the control thereof belongs to the person or persons owning the estate. *Bray* v. *Dudgeon,* 6 Munf. 132; *Thornton* v. *Winston,* 4 Leigh 152; *Cutchin* v. *Wilkinson,* 1 Call. 3; *Charles* v. *Charles,* 8 Gratt. 486. If, after thirty days a stranger and a distributee apply for administration, the latter, if a suitable person, is entitled to preference. *Bridgeman* v. *Bridgeman,* 30 W. Va. 212. The Virginia cases just cited arose under a statute using the word "shall" instead of "may." Code, 1819, ch. 104, sec. 34. The clause appears in the Code of 1849 as we have it now, and, in *Hutche-*

*son* v. *Priddy,* 12 Gratt. 85, 95, Judge Moncure expressed the opinion that the verbal change in the statute had not altered its meaning, and Judge Lee, delivering the opinion concurred in by a majority of the court, based his conclusion only upon lack of notice of the application to the appointee and his right to resist removal upon the ground of the unfitness of the applicant. Here, the appointee had notice. He appeared and resisted the application.

Our statutes contain no express provision regarding the subject of administration in those cases in which the distributees are infants but they are general and comprehensive and bear clear evidence of legislative intention to make them cover the entire subject of administration. They fix the probate and administrative jurisdiction and determine in concise and broad terms, the eligibility of persons and the preferences to be accorded. Every branch of the subject is dealt with in terms broad enough to afford clear indication of legislative intention respecting it. Such statutes are deemed to have been intended as substitutes for all former law of the subject. *Grant* v. *B. & O. Railroad Co.,* 66 W. Va. 175; *State* v. *Harden,* 62 W. Va. 313; *State* v. *Mines,* 38 W. Va. 125. Preference is given to distributees without limitation or exception on the ground of infancy or any other save lack of personal fitness of the applicant and his inability to give bond, and this exception appears only by implication. Even that does not wholly destroy the right, for, in such cases, the distributee has a right of nomination. *Taylor* v. *Virginia-Pocahontas Coal Co.,* 78 W. Va. 455. Allowance of this right to an infant distributee harmonizes with the spirit and purpose of the statute and brings him within the scope of its general terms giving preference to distributees. It also harmonizes with the practice of courts generally in the grant of administration *durante minore aetate*. In such cases, the right of administration was generally held to be in the person who stood nearest the party entitled to the estate, in blood, affection and interest, if he was a suitable person. Williams, Ex'rs. pp. 545 to 548. That description applies, in this case, to the mother of the child, his natural guardian. She has his care and custody and, if he should die, she would inherit his estate. He is unable, by

reason of his tender years, to exercise the right of selection, but his mother is presumptively his natural and best representative. If she has an interest with him in the estate, the law expressly makes her his representative. If she has none, lack thereof does not destroy or impair her interest in him, and to permit her to act for him brings him within the spirit of the statute and very nearly within its letter. In our opinion, she has clear right to speak and act for him in the premises, and, on his behalf, to take the administration, provided she is a proper person to act as administratrix and is able to give the bond required.

As her fitness for the position sought by her is not questioned in any way, it follows from the conclusions herein stated, that the county court erroneously dismissed her petition and that the circuit court erroneously affirmed the judgment of the county court. Both judgments will be reversed and the case remanded to the County Court of Logan County, with a direction to grant administration of the estate of Joel Stollings, deceased, to the petitioner, Anna B. Stollings, on her taking the oathes required by law and executing a proper bond.

Costs in this court and the circuit court will be adjudged to her against L. D. Stollings.

*Reversed and remanded, with directions to grant administration to petitioner.*