# CHARLESTON.

JOHN K. MURPHY *v*. HIRAM KARNES, ADMR. ETC.

Submitted March 15, 1921.   Decided. March 22, 1921.

EXECUTORS AND ADMINISTRATORS—*Grandfather Held Entitled to Appointment in Preference to Stranger.*

The principles announced in the case *in re the Administration of the Estate of Joel Stollings*, 82 W. Va. 18, affirmed and applied.

Error to Circuit Court, Morgan County.

Petition to County Court by John K. Murphy against

Hiram Karnes, administrator.   Judgment for defendant on appeal to Circuit Court, and petitioner brings error.

*Reversed and remanded.*

*A. C. McIntire* and *G. McIntire-Weaver*, for plaintiff in error.

LIVELY, JUDGE:

A. R. Barnes, a resident of Morgan County, died intestate on November 7, 1918, leaving a widow, Bessie Fortney Barnes, and one child, Ada, about three years of age.   Several hours afterwards, on the same day, the widow, Bessie Fortney Barnes, died intestate, leaving surviving her, Ada, the three year old child, begotten by A. R. Barnes, and two other children, Flora Fortney and Madeline Fortney, both under fourteen years of age, children by a former deceased husband.   On the 12th day of November, 1918, the infant child, Ada, died.   The three deaths were caused by the terrible epidemic of influenza which prevailed that year, and left so many broken homes and bleeding hearts.   On the day of the death of the infant, Ada, Jonas H. Karnes, on his own motion was appointed administrator of the estates of A. R. Barnes and Bessie F. Barnes, and qualified, giving bond in the penalty of $1500.00, which appointment was confirmed by the county court on January 20, 1919.   Karnes was no relation either by blood or marriage to the decedents and was not a creditor, nor in any way interested in the administration of the estates.   On the following day John K. Murphy, who is the grandfather of the infants Flora and Madeline Fortney, appeared before the county clerk and moved the revocation of the appointment of Karnes as administrator, and asked to be appointed in his stead.   This motion was resisted by Karnes, who had been also appointed guardian of the infant distributees; thereupon the clerk revoked the appointment of Karnes, but refused to appoint Murphy, or reappoint Karnes, who then asked to be reappointed upon · motion of himself as guardian.   The parties then agreed to submit their claims for administration to the judge of the circuit court upon an agreement of facts.   The judge de-

clined to take jurisdiction, and on the 27th day of September, 1919, John K. Murphy presented his formal petition to the county court, alleging that he was the next of kin of the infant distributees and the only adult distributee of the estates; that the appointment of Karnes was unlawfully made, and although revoked, he, Karnes, was continuing to act as administrator; that petitioner had never declined to qualify in his own right or on behalf of the infants, his grandchildren; that he is the next of kin to the infants and, in case of their demise, would inherit the entire estates; and praying that he be appointed as administrator. To this petition Karnes appeared at a session of the court held on October 4, 1919. The hearing was continued until October 11, 1919, but it appears that on October 4, 1919, Hiram Karnes was appointed administrator of the estates. At the next hearing of the petition on October 11, 1919, Jonas H. Karnes nominated Hiram Karnes, his brother, as administrator, and the court again appointed Hiram Karnes as such, over the objection of Murphy, the grandfather. Afterwards Hiram Karnes qualified as administrator and gave bond in the penalty of $2000.00. An appeal was allowed from the order of the county court upon petition of Murphy, duly verified, setting out the proceedings in full with attested copies of the various orders of the county court as exhibits; and on January 17, 1920, upon argument of counsel, the court dismissed the appeal as improvidently awarded, and awarded costs against the petitioner. From this order of the circuit court plaintiff obtained this writ of error.

The statute authorizing the granting of letters of administration, sections 4 and 5 of ch. 85, Code, in part reads: "Administration shall be granted to the distributees who apply therefor, preferring first the husband or wife, and then such others entitled to distribution as the court shall see fit. If no distributee apply for administration within 30 days from the death of the intestate, the court may grant administration to one or more of his creditors, or to any other person * * *. If a will of the deceased be afterwards admitted to record, or if after administration is granted to a creditor, or

other person than a distributee, any distributee who shall not have before refused, shall apply for administration, there may be a grant of probate or administration in like manner as if the former grant had not been made, and the said former grant shall thereupon cease.''

The defendant Hiram Karnes filed no answer or plea to the petition of the plaintiff either in the county court or circuit court. No evidence was taken so far as the record discloses. There is no intimation that the grandfather is unfit for the trust. The petition alleges that he is the nearest of kin to the infants, and will be the sole heir of the estates in case he should survive them. He has been taking care of them since the untimely death of the parents, and is bound to them by ties of blood, love and affection. He avers his readiness and ability to execute the necessary bond. Should he have preference over the stranger in the administration of this important trust and in its preservation for the benefit of the children, and for his own possible inheritance? Reason answers in the affirmative. The statute accords with reason. Its terms clearly indicate that those having an interest in the estate as distributees shall be preferred to the stranger. This court has held that it is mandatory upon the county court to appoint a distributee upon his application if he be a fit person and able to qualify. Should the distributee not desire the appointment, or be unable to give bond, he may designate the person to be appointed. *Taylor* v. *Virginia-Pocahontas Coal Co.*, 78 W. Va. 455. But the infants are of tender years and for that reason cannot nominate an administrator. In such cases the general rule is that the person who is nearest to the distributee in blood, affection and interest is entitled to the administration. This court has held that if the distributee be a minor of such tender years as to be unable to designate a person for the trust, the mother as the natural guardian, custodian, nearest relative and prospective heir may demand the administration in her own name in its behalf, and it then becomes the duty of the court, having jurisdiction, to grant it to her upon proper application, if she be a suitable person and able to qualify.

*In re Estate of Joel Stollings,* 82 W. Va. 18. The same reasons would dictate the appointment of the grandfather, where the mother and father are both dead, and he is the custodian of the infants and their prospective heir. The principles announced by Judge POFFENRARGER in the Stollings case, cited, govern this case.

The county court erroneously refused the appointment of John K. Murphy as the administrator of the estates upon his petition, and the circuit court erred in dismissing his appeal, and thereby refusing to grant him the proper relief. The case will be remanded to the County Court of Morgan County with direction to grant administration of the estates of Albert R. Barnes, deceased, and of Bessie Fortney Barnes, deceased, to John K. Murphy, plaintiff in error, when he executes proper bonds and takes the prescribd oaths.

*Reversed and remanded.*