301 S.E.2d 610

Colin **MILLER**, Admr., etc., et al.

v.

The Hon. Dan C. **ROBINSON**, Judge, etc.

**CABELL–WAYNE ASSOC. OF THE BLIND**, etc., et al.

v.

The **COUNTY COMMISSION OF CABELL COUNTY** and Colin Miller.

Nos. 15781, 15809.

Supreme Court of Appeals of West Virginia.

March 25, 1983.

Edmund C. Marshall and James W. St. Clair, Marshall & St. Clair, Philip A. Baer and James Allan Colburn, Baer & Colburn, Huntington, for petitioners in No. 15781.

Robert K. Emerson and Edward M. Kowal, Jr., Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, for respondent in No. 15781.

W. Merton Prunty, Robert H. Burford, Beckett, Burford & James, Bliss L. Charles, Huntington, for petitioners in No. 15809.

William T. Watson, Huntington, for respondents in No. 15809.

MILLER, Justice:

These are two original prohibition cases which involve essentially the same issue, whether the Circuit Court of Cabell County has jurisdiction to order the probate court not to appoint an administrator *cum testamento annexo* (c.t.a.) until further hearings are completed in the circuit court to determine the ultimate distribution under the will of C.J. Teubert, deceased.

The facts surrounding this controversy arise out of matters that occurred after our decision in *In re the Estate of C.J. Teubert, Deceased*, 171 W.Va. 226, 298 S.E.2d 456 (1982), in which we concluded that Mr. Teubert had a valid holographic will. We also indicated that the residuary testamentary trust which left the bulk of his estate "to

aid the blind only" could be supported under the doctrine of *cy pres* embodied in W.Va.Code, 35–2–2. We remanded the case to the Circuit Court of Cabell County and stated:

> "W.Va.Code, 35–2–2 ... enables a circuit court on application of an interested party to 'have full power to appoint or designate a trustee or trustees to execute the trust, or to designate the beneficiaries in, or the objects of, any such trust, or where such trust does not admit of specific enforcement or literal execution, to carry into effect as near as may be the intent and purposes of the person creating such trust.' This procedure is not involved in the present case." 171 W.Va. at 235, n. 6, 298 S.E.2d at 465, n. 6.

After our decision the attorneys who represented several of the minor distributees under Teubert's will obtained from the clerk of this Court the original will and attempted to qualify Colin Miller as the administrator c.t.a. of the Teubert estate. The Circuit Court of Cabell County upon learning of the attempted probate issued *sua sponte* an order dated January 5, 1983, prohibiting the county clerk from proceeding further to probate the will. This action brought about the first prohibition petition by the relators, Colin Miller, et al., who contend that the circuit court was exceeding its jurisdiction because matters relating to the appointment of administrators are within the jurisdiction of the county commission.

A subsequent original prohibition petition was filed on behalf of Harlan R. O'Dell and Quentin H. Wickline, the Cabell-Wayne Association for the Blind and the National Federation of the Blind, directed against Colin Miller and the Cabell County Clerk and Commission based on the contention that O'Dell and Wickline had been previously appointed as co-administrators of the estate in March 1979. They contend that under W.Va.Code, 44–5–5, administrators cannot be removed without notice and a hearing and, therefore, the respondent clerk and commission could not appoint Colin Miller without complying with this provision.

We begin by observing that the original case before us involved a rather limited issue. This was whether the paper writing was a valid holographic will and in particular whether certain typed words on the will invalidated it or whether we would adopt, as have other jurisdictions, the surplusage rule. We did adopt such a rule in Syllabus Point 2 of *In re the Estate of C.J. Teubert, Deceased, supra.*[1] We also addressed the disposition pattern of the will and indicated that the *cy pres* doctrine embodied in W.Va.Code, 35–2–2, would be applicable to determine the ultimate bequest to aid the blind. Our opinion indicates that further proceedings in the circuit court would be necessary in order to make a proper disposition of the Teubert estate under his will.

From a procedural standpoint, we have in the past held that where there is a contest over the validity of a will before the county court [commission] and a subsequent proceeding in the circuit court, the proper issue is the validity of the will and ordinarily "[n]either the construction of a will nor the validity of a bequest therein can be inquired into in [such] suit." Syllabus Point 3, in part, *Mauzy v. Nelson,* 147 W.Va. 764, 131 S.E.2d 389 (1963). In such a proceeding, the circuit court hears the matter anew and does not act as an appellate court. *Pettry v. Chesapeake & Ohio Railway Company,* 148 W.Va. 443, 135 S.E.2d 729 (1964); *Powell v. Sayres,* 134 W.Va. 653, 60 S.E.2d 740 (1950); *Coffman v. Hedrick,* 32 W.Va. 119, 9 S.E. 65 (1889).[2] Once the will is established as valid, the circuit court would then by order direct the county clerk to probate the same. *In re Will of Nicholas Winzenrith, Etc.,* 133 W.Va. 267, 55 S.E.2d 897 (1949); *Hornbrook v. Lutz,* 66 W.Va. 39, 66 S.E. 10 (1909). If there were any ambiguities in

---

1. Syllabus Point 2 states: "Where a holographic will contains words not in the handwriting of the testator, such words may be stricken if the remaining portions of the will constitute a valid holographic will."

2. The procedures to contest a will in the circuit court are contained in W.Va.Code, 41–5–7 and 11.

the will, then a subsequent suit could be filed regarding the construction of the will.

■ The limited right for circuit court action regarding the validity of a will was a result of several circumstances. First, the validity of a will which was called *devisavit vel non*[3] was a chancery issue which was sent to a court of law. Second, under old equity jurisprudence, chancery courts had limited jurisdiction to consider the construction of a will. The construction had to involve a matter which was within its traditional equitable jurisdiction such as trusts and not a purely legal claim. *Buskirk v. Ragland,* 65 W.Va. 749, 65 S.E. 101 (1909).[4] In *Woman's Club of St. Albans v. James,* 158 W.Va. 698, 213 S.E.2d 469 (1975), we recognized the traditional limitation on equitable construction of wills but also recognized that W.Va.Code, 41–3–7, had considerably broadened equitable jurisdiction over the construction of wills.[5]

We do not doubt that the foregoing procedural restrictions formed the basis for the restrictive language found in our cases as discussed earlier which limit the circuit court's power to construe a will when the issue of *devisavit vel non* is brought to it from the probate court under W.Va.Code, 41–5–7.

With the adoption of our Rules of Civil Procedure, much of these pleading technicalities have been obviated. The procedural distinctions between law and equity have been abolished. R.Civ.P. 2. Furthermore, as we have previously noted, even where an appeal was taken to the circuit court from the county commission's refusal to probate, this matter was heard *de novo* in the circuit court. Rule 81(a)(1) provides:

"When the appeal of a case has been granted or perfected and thereafter it is tried de novo in a trial court of record, these rules apply, except that, in a case on appeal from a justice of the peace court, Rules 26 through 37 may not be used and no pleadings other than those used in the case in the justice of the peace court may be used except by order of the appellate court in the proceeding after the appeal has been granted or perfected. Likewise, these rules, where applicable, apply in a trial court of record when any testimony is taken before the court in the judicial review of an order or decision rendered by an administrative agency."

In Lugar & Silverstein, West Virginia Rules of Civil Procedure 530 (1960), in discussing Rule 81(a)(1), reference is made to "Rule 1, which lists all statutory proceedings to which the Rules are applicable." Under Rule 1, the following comment is made:

"Code 41–5–7 authorizes an appeal from an order or judgment of the county court admitting or refusing to admit a will to probate. Ordinarily the Rules do not apply to cases appealed from the

---

**3.** Black's Law Dictionary 407 (5th ed. 1979), defines *devisavit vel non* as:

"The name of an issue sent out of a court of chancery, or one which exercises chancery jurisdiction, to a court of law, to try the validity of a paper asserted and denied to be a will, to ascertain whether or not the testator did devise, or whether or not that paper was his will."

See *Mauzy v. Nelson, supra; Frye v. Norton,* 148 W.Va. 500, 135 S.E.2d 603 (1964); *Nelson v. Ratliffe,* 137 W.Va. 27, 69 S.E.2d 217 (1952).

**4.** These matters are summarized in Syllabus Points 2 and 3 of *Buskirk v. Ragland, supra:*

"2. Jurisdiction in equity to construe wills arises only in cases where there is necessity for such construction in relation to actual litigation as to matters which are proper subjects of equity jurisdiction, such as relief on behalf of an executor, trustee, *cestui que trust,* or legatee.

"3. One claiming under a will as devisee of a mere legal estate in real property, cannot come into equity for the sole purpose of obtaining a judicial construction of the provisions of the will upon which he relies."

**5.** W.Va.Code, 41–3–7, provides:

"Notwithstanding any other provision of law, and notwithstanding there is no other ground of equity jurisdiction, courts possessing general equity powers shall have and take jurisdiction of a suit to construe an ambiguous will at the suit of the executor, or administrator with the will annexed, or of any beneficiary thereunder whose interests are affected by a construction of the ambiguous provision."

*Women's Club of St. Albans v. James, supra,* also recognized that our declaratory judgment act, W.Va.Code, 55–13–2, could be utilized to interpret a will.

county court. Rule 81(a)(1). But here the statute goes on to provide:

> ... The clerk of the circuit court shall, upon the filing of such petition, issue process thereon, and the case shall be proceeded in, tried and determined in such court, regardless of the proceedings before the county court, and in the same manner and in all respects as if the application for such probate had been originally made to the circuit court.

Thus the proceeding, although it comes to the circuit court upon appeal, is to be treated in all respects as an original proceeding. It follows that the Rules apply.... This conclusion is reinforced by Code 41-5-8, which provides for jury trial in such cases. Since virtually all other jury trials are regulated by Rules 38 to 53, it would be anomalous if a jury trial in a probate case were not subject to the same Rules.

"Code 41-5-11 authorizes a suit in equity to impeach or establish a will already probated, the suit to be brought by a person who was not a party to the probate proceeding. Jury trial is available on demand of any party. Under the Rules this will be an ordinary civil action." *Id.* at 20.

■ Thus, we believe it is clear that under Rule 81(a)(1) where a circuit court hears a will contest either under the provisions of W.Va.Code, 41-5-7, or W.Va.Code, 41-5-11, the Rules of Civil Procedure apply and the court may upon proper request construe the will as well as decide the issue of *devisavit vel non.*

This result obtains from Rule 8 of the Rules of Civil Procedure which permits multiple claims to be asserted. Moreover, it comports with the general policy of the Rules to avoid multiple suits between the same parties. From the foregoing discussion, it can be seen that the circuit court did not lose jurisdiction once it had determined that the will was valid.

■ We believe that the attempt to qualify Colin Miller as the administrator c.t.a. once we upheld the circuit court's ruling was a matter beyond the jurisdiction of the county clerk. There is no dispute that petitioners, O'Dell and Wickline, were appointed in March 1979 as co-administrators of the estate and qualified as such with an approved corporate surety bond in the amount of $2,800,000. They have filed three annual accountings. Their appointment occurred before the holographic will was found.

We recognize that W.Va.Code, 44-1-6, permits the clerk or the county commission to remove administrators upon reasonable notice where a will is subsequently found and admitted to record.[6] Here, the will was still within the jurisdiction of the circuit court for construction under the *cy pres* doctrine and thus was not available for probate. The respondents Miller, et al., argue that the circuit court's initial order finding the will to be valid contained language that it should be probated forthwith. This language however must be read in light of our opinion in *In re the Estate of C.J. Teubert, Deceased, supra,* and particularly note 6, which pointed to additional matters that would be required by the circuit court in regard to the will.

■ We also note that the will did not appoint an executor. Under W.Va.Code, 44-1-2, where a will does not provide for the appointment of an executor, the clerk or the county commission may grant an administration with the will annexed "to the person who would have been entitled to

---

6. W.Va.Code, 44-1-6, provides:
   "At the time of the grant of administration upon the estate of any intestate, the person to whom it is granted shall, in the court or before the clerk granting it, give bond and take an oath that the deceased has left no will so far as he knows, and that he will faithfully perform the duties of his office to the best of his judgment. If a will of the deceased be afterwards admitted to record, or if, after administration is granted to a creditor or other person than a distributee, any distributee who shall not have before refused shall apply for administration, there may be a grant of probate or administration, after reasonable notice to such creditor or other person theretofore appointed, in like manner as if the former grant had not been made, and such former grant shall thereupon cease."

administration if there had been no will." [7] Under W.Va.Code, 44–1–4, relating to the appointment of an administrator, a preference is given to distributees.[8] In *Smith v. Harmer*, 135 W.Va. 380, 64 S.E.2d 481 (1951), we held that these two sections must be read *in pari materia.* Under W.Va.Code, 44–1–4, we have established a clear preference for the appointment of a distributee so long as he is a fit person and able to qualify. *Murphy v. Karnes*, 88 W.Va. 242, 106 S.E. 655 (1921); *In re the Administration of the Estate of Joel Stollings*, 82 W.Va. 18, 95 S.E. 446 (1918). It does not appear that Colin Miller had standing as a distributee to qualify. We believe that the circuit court was correct in issuing its order to prohibit his appointment as the administrator c.t.a.

It is obvious that until the circuit court resolves who is the ultimate beneficiary of the residuary clause of the Teubert will and determines how the residuary trust is to be set up, a final administration of the estate cannot occur. In structuring the residuary trust, close attention must be given to the federal tax laws to provide maximum benefit to both the estate and ultimate trust.

A prompt and expeditious means of resolving this matter must be made in the circuit court. Our Rules of Civil Procedure provide such a vehicle and we echo the statement of their goal: "They shall be construed to secure the just, speedy and inexpensive determination of every action." R.Civ.P. 1. It is incumbent on all parties to bring whatever legitimate claims they may have to the circuit court by way of appro-

priate pleadings under our Rules of Civil Procedure. We do not countenance piecemeal litigation or appeals.

For the foregoing reasons, the writ of prohibition is issued against the clerk and the county commission prohibiting them from appointing an administrator c.t.a. pending a determination of this matter by the circuit court. The writ of prohibition sought by Colin Miller, et al., against the Honorable Dan C. Robinson, Judge, is denied.

No. 15781—Writ Denied.

No. 15809—Writ Granted.

---

7. The full text of W.Va.Code, 44–1–2, is:

"If there be no executor appointed by the will, or if all the executors therein named refuse the executorship, or fail when required to give such bond, which shall amount to such refusal, or have died, such court, or clerk thereof during the recess of the regular sessions of such court, may grant administration, with the will annexed, to the person who would have been entitled to administration if there had been no will, and he shall take such oath and give such bond."

8. W.Va.Code, 44–1–4, provides:

"When a person dies intestate the jurisdiction to hear and determine the right of admin-

istration of his estate shall be in the county court, or clerk thereof during the recess of the regular sessions of such court, which would have jurisdiction as to the probate of his will, if there were one. Administration shall be granted to the distributees who apply therefor, preferring first the husband or wife, and then such of the others entitled to distribution as such court or clerk shall see fit. If no distributee apply for administration within thirty days from the death of the intestate, such court or clerk may grant administration to one or more of his creditors, or to any other person."