527 S.E.2d 508

STATE of West Virginia ex rel. Carolyn SHREWSBERRY and Herndon Processing Company, a West Virginia corporation, Petitioners,

v.

Honorable John S. HRKO, Judge of the Circuit Court of Wyoming County, West Virginia, and Bobbie Shrewsberry, Respondents.

No. 25806.

Supreme Court of Appeals of West Virginia.

Submitted March 9, 1999.

Decided July 14, 1999.

Concurring Opinion of Chief Justice Starcher Oct. 15, 1999.

H.F. Salsbery, Esq., William S. Druckman, Madonna C. Estep, Esq., Salsbery & Druckman, Charleston, West Virginia, Attorneys for Carolyn Shrewsberry.

Warren R. McGraw, II, Esq., Prosperity, West Virginia, Attorney for Respondent Bobbie Shrewsberry.

Ancil Ramey, Esq., H. Toney Stroud, Esq., Steptoe & Johnson, Charleston, West Virginia, Attorneys for Herndon Processing Company.

PER CURIAM:

In this petition for a writ of prohibition we are asked to address a situation where two individuals have been appointed, in two separate counties, as administrators of the estate of a decedent. The petitioner, the ex-wife of the decedent, was appointed by the Raleigh County Commission, while the respondent, the decedent's mother, was appointed by the Wyoming County Commission.

The appointment decision of the Raleigh County Commission was appealed to the Circuit Court of Raleigh County. The Circuit Court of Raleigh County subsequently issued a final order affirming the petitioner's qualifications to act as administrator of the decedent's estate, and the order was not appealed. The petitioner then sought to void the respondent's appointment in the Circuit Court of Wyoming County. The Circuit Court of Wyoming County declined to void the appointment, and declined to give preclusive effect to the order of the Circuit Court of Raleigh County. The petitioner then sought relief from this Court to prohibit the Circuit Court of Wyoming County from continuing to act in excess of its jurisdiction.

After consideration of the arguments of the parties, we find that the order of the Circuit Court of Raleigh County constitutes a final adjudication on the merits of the peti-

tioner's qualifications to act as administratrix of the decedent's estate. Any attempt by the respondent to collaterally challenge those qualifications in Wyoming County is barred by principles of *res judicata.*

We therefore grant the requested writ of prohibition.

### I.

The petitioner, Carolyn Shrewsberry, and Eddie Dean Shrewsberry were married in 1980, and were divorced on July 17, 1996. The petitioner is the biological mother and custodian of eight of Mr. Shrewsberry's nine children. She resides in Raleigh County, West Virginia. A ninth child of Mr. Shrewsberry allegedly lives in McDowell County, West Virginia.[1]

On February 6, 1997, Mr. Shrewsberry sustained fatal injuries in an accident at his place of employment in Wyoming County and was taken to a Raleigh County hospital where he was pronounced dead on arrival.[2] Mr. Shrewsberry's death certificate and an obituary in a local newspaper indicated his place of residence was in Raleigh County.

The petitioner, on February 13, 1997, appeared before the Raleigh County Commission. In the Administrator's Bond and Fiduciary Record filed with the Raleigh County Commission, the petitioner represented that she was the wife, next of kin, and sole heir to Mr. Shrewsberry. On that date the Raleigh County Commission appointed the petitioner as the administratrix of Mr. Shrewsberry's estate.

Three weeks later, on March 7, 1997, Mr. Shrewsberry's mother, respondent Bobbie Shrewsberry, appeared before the Wyoming County Commission and sought to be appointed as administratrix of Mr. Shrewsberry's estate. The respondent is a resident of Wyoming County. On the paperwork filed with the Wyoming County Commission, the respondent listed Mr. Shrewsberry's nine children as the heirs and distributees of his estate. The respondent was also appointed as the administratrix of Mr. Shrewsberry's estate.

The respondent then challenged the petitioner's appointment as administratrix by filing objections with the Raleigh County Commission. The objections were referred to a fiduciary commissioner, who on October 14, 1997 issued a report finding that the petitioner was not Mr. Shrewsberry's wife at the time of his death, and that she was not his sole heir. The fiduciary commissioner concluded that the petitioner had sworn falsely to wrongfully obtain her appointment as the administratrix of Mr. Shrewsberry's estate, and recommended that the appointment be voided.

In response to the fiduciary commissioner's findings, the petitioner sought permission to amend her Administrator's Bond and Fiduciary Record. The petitioner contended that she had not sworn falsely, but rather that she had made mistakes in completing the paperwork presented to her by a clerk for the Raleigh County Commission. In an affidavit filed with the Raleigh County Commission, the petitioner indicated that she had no memory of being asked any questions about her relationship to Mr. Shrewsberry, but that she provided the clerk with a copy of her divorce papers. She indicated that her habit was to refer to herself as the "ex-wife" of Mr. Shrewsberry. The petitioner also stated that two of her children were with her at the time she completed the paperwork, and while the clerk commented on "how cute" her children were, she was never asked any questions about Mr. Shrewsberry's heirs. In sum, the petitioner argued that she did not purposely misrepresent herself as the wife and sole heir to Mr. Shrewsberry.

---

**1.** While the record in the court below is unclear, it seems that no representative has made an appearance for this ninth, allegedly illegitimate, child. The petitioner, however, steadfastly claims that Mr. Shrewsberry fathered only eight children.

**2.** Mr. Shrewsberry's death certificate lists "multiple crushing injuries" as a consequence of be-

ing "struck by boom [of a crane] at worksite." The "approximate interval between onset and death" was listed as "seconds."

It appears that, as a result of this workplace accident, both the petitioner and the respondent have filed "deliberate intent" actions against Mr. Shrewsberry's employer. *See W.Va.Code,* 23–4–2 [1994].

On November 4, 1997, the Raleigh County Commission granted the petitioner leave to amend, finding that "the distributees [of Mr. Shrewsberry's estate] are minor children residing with their natural mother" and that she was "appropriate to serve as Administratrix."

The respondent appealed the Raleigh County Commission's findings to the Circuit Court of Raleigh County. By order dated June 9, 1998, the circuit court held that the Raleigh County Commission had not abused its discretion in finding that the petitioner was qualified to be the administratrix of Mr. Shrewsberry's estate. The circuit court further held that the respondent did not have standing to challenge the petitioner's appointment, because she was not herself a distributee of Mr. Shrewsberry's estate. The respondent did not appeal the circuit court's order.

Concurrent with the respondent's appeal in the Circuit Court of Raleigh County, the petitioner filed objections with the Wyoming County Commission seeking to void the respondent's appointment for lack of jurisdiction. The petitioner contended that Mr. Shrewsberry was not a resident of Wyoming County, and did not own any real estate in Wyoming County, at the time of his death.[3] A copy of the order from the Circuit Court of Raleigh County, affirming the petitioner's appointment by the Raleigh County Commission, was later filed with the Wyoming County Commission.

By a letter dated June 23, 1998, the Wyoming County Commission allowed the respondent to continue as the administratrix of Mr. Shrewsberry's estate. The petitioner then appealed the decision to the Circuit Court of Wyoming County.

On November 5, 1998, the respondent judge, the Honorable John S. Hrko, issued an order affirming the decision of the Wyoming County Commission. Judge Hrko found that the Wyoming County Commission had not abused its discretion in appointing the respondent as the administratrix of Mr. Shrewsberry's estate.

The petitioner, on January 7, 1999, filed the instant petition for writ of prohibition with this Court. The petitioner asks that we prohibit Judge Hrko from allowing the Wyoming County Commission to act in an extrajurisdictional fashion.

## II.

The petitioner in this case seeks a writ of prohibition against the Circuit Court of Wyoming County, and indirectly, against the Wyoming County Commission. "The rationale behind a writ of prohibition is that by issuing certain orders the trial court has exceeded its jurisdiction, thus making prohibition appropriate." *State ex rel. Allen v. Bedell,* 193 W.Va. 32, 36, 454 S.E.2d 77, 81 (1994) (Cleckley, J., concurring). As such, "writs of prohibition ... provide a drastic remedy to be invoked only in extraordinary situations." 193 W.Va. at 37, 454 S.E.2d at 82. More specifically,

... this Court will use prohibition ... to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Syllabus Point 1, in part, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).

The jurisdiction of a county commission over an intestate estate is established by *W.Va.Code,* 44-1-4 [1923] which states:

When a person dies intestate the jurisdiction to hear and determine the right of administration of his estate shall be in the county court [now county commission], or clerk thereof during the recess of the regular sessions of such court, which would have jurisdiction as to the probate of his will, if there were one. Administration shall be granted to the distributees who

---

3. The respondent disputes these factual contentions. The respondent takes the position that Mr. Shrewsberry lived in Wyoming County in a home next-door to the respondent and her husband. Mr. Shrewsberry allegedly received his mail at this residence, and considered the Wyoming County house to be "home." Furthermore, Mr. Shrewsberry's on-the-job accident—and therefore his death—occurred in Wyoming County.

apply therefor, preferring first the husband or wife, and then such of the others entitled to distribution as such court or clerk shall see fit. If no distributee apply for administration within thirty days from the death of the intestate, such court or clerk may grant administration to one or more of his creditors, or to any other person.

*W.Va.Code,* 41–5–4 [1923] establishes the places where a will may be probated, and states in part:

The county court [now county commission] shall have jurisdiction of the probate of wills according to the following rules:

(a) In the county wherein the testator, at the time of his death, had a mansion house or known place of residence[.]

■ In this case the Raleigh County Commission found, based upon the evidence then in the record, that the petitioner was qualified to act as the administratrix of Mr. Shrewsberry's estate. The respondent then appealed that determination to the Circuit Court of Raleigh County. The circuit court found that the decision of whether the petitioner "intentionally misrepresented critical information" was a matter committed to the discretion of the Raleigh County Commission. The circuit court found that no abuse of discretion had been shown and affirmed the Raleigh County Commission's determination.

The Circuit Court of Raleigh County issued its final order on June 9, 1998. The respondent did not appeal that order, and the petitioner asserts that the principles of *res judicata* prevent the respondent from collaterally challenging that order in the Circuit Court of Wyoming County. We agree.

■ "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Porter v. McPherson,* 198 W.Va. 158, 166, 479 S.E.2d 668, 676 (1996) (*quoting Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552, 559 n. 5 (1979)) (footnote omitted). The doctrine of *res judicata* is applied to avoid "the expense and vexation attending relit-

igation of causes of action which have been fully and fairly decided." *Sattler v. Bailey,* 184 W.Va. 212, 217, 400 S.E.2d 220, 225 (1990). In other words, "a man should not be twice vexed for the same cause." *Hannah v. Beasley,* 132 W.Va. 814, 821, 53 S.E.2d 729, 732 (1949) (citations omitted).

■ We have made clear that, even if a circuit court reaches an incorrect result in on an issue, the doctrine of *res judicata* bars relitigation of the issue. We stated, in Syllabus Point 1 of *Sayre's Adm'r v. Harpold,* 33 W.Va. 553, 11 S.E. 16 (1890), that:

An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. *An erroneous ruling of the court will not prevent the matter from being res judicata.*

(Emphasis added.)

■ We apply a three-part test in determining whether an action is barred by the doctrine of *res judicata:*

Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syllabus Point 4, *Blake v. Charleston Area Medical Center,* 201 W.Va. 469, 498 S.E.2d 41 (1997).

Applying these three factors to the instant case, we find that the respondent's attempts to collaterally attack the petitioner's qualifications in the Circuit Court of Wyoming County are barred by principles of *res judicata*. First, there has been a final adjudication in the Circuit Court of Raleigh County on the merits of whether the Raleigh County Commission abused its discretion in appointing the petitioner as administratrix of Mr. Shrewsberry's estate.[4] Second, the two actions involve the same parties. Third, the cause of action identified for resolution in the Wyoming County proceedings is substantially identical, namely, whether the Raleigh County Commission could find the petitioner qualified to act as the administratrix of the Estate of Mr. Shrewsberry.

The respondent's attempts to collaterally attack the decision of the Circuit Court of Raleigh County are precluded by the doctrine of *res judicata*. We therefore find that the Circuit Court of Wyoming County, by failing to acknowledge the preclusive effect of the final decision of the Circuit Court of Raleigh County, was acting in excess of its jurisdiction. A writ of prohibition is therefore warranted.

### III.

For the reasons set for forth above, we grant the requested writ of prohibition.

Writ Granted.

Justice McGRAW, deeming himself disqualified, did not participate in the decision of the Court.

Judge FRED RISOVICH, II, sitting by special assignment, dissents.

STARCHER, Chief Justice, concurring:

(Filed Oct. 15, 1999)

The starting place in every lawsuit and the first question every lawyer asks, is "Where is jurisdiction for my case?" In this case, there is a conflict between two people over who will get to be the administratrix of the estate of Eddie Dean Shrewsberry. Each of those parties is represented by a different lawyer, and each of those lawyers has filed a lawsuit against Mr. Shrewsberry's employer alleging that the employer was somehow responsible for his death. Unfortunately, the lawyers for neither Carolyn Shrewsberry nor Bobbie Shrewsberry have ever asked the obvious question: "Which county commission has jurisdiction to hear this case—Raleigh County or Wyoming County?"

As the majority opinion discusses, the jurisdiction of a county commission over the subject matter of Mr. Shrewsberry's intestate estate is set by *W.Va.Code*, 44–1–4 [1923] and *W.Va.Code*, 41–5–4(a) [1923]. These two statutes, when read together, give jurisdiction to the county commission "[i]n the county wherein [Mr. Shrewsberry], at the time of his death, had a mansion house or known place of residence[.]"

Whether a court or county commission has subject-matter jurisdiction is a question that can be raised and debated *at any time*. As this Court has said many times, "Lack of jurisdiction of the subject matter may be raised in any appropriate manner ... and *at any time* during the pendency of the suit or action." *McKinley v. Queen*, 125 W.Va. 619, 625, 25 S.E.2d 763, 766 (1943) (emphasis added). Lack of subject matter jurisdiction can even be raised for the first time in this Court, or the Court on its own motion may take notice that it or a lower court did not have jurisdiction. Syllabus Point 1, *Dawson v. Dawson*, 123 W.Va. 380, 15 S.E.2d 156 (1941). Once a court discovers it does not have subject-matter jurisdiction of a particular case, it ceases to have any power to rule and must dismiss the case.

The majority opinion affirms the notion that the Raleigh County Commission did not abuse its discretion in allowing Carolyn Shrewsberry to amend her administration

---

4. The issue before the Circuit Court of Raleigh County was whether the petitioner, in light of her alleged misrepresentations to the Raleigh County Commission, was qualified to act as the administratrix of Mr. Shrewsberry's estate. The issues of whether the Raleigh County Commission had subject-matter jurisdiction over Mr. Shrewsber-ry's estate based upon his residency, whether the petitioner might be a creditor of Mr. Shrewsberry's estate as a result of entitlement to alimony, and the interests Mr. Shrewsberry's allegedly ninth illegitimate child were not addressed by either the Raleigh County Commission or the Circuit Court of Raleigh County.

papers. However, the record reflects that no evidence has been taken by the Raleigh County Commission regarding the "mansion house or known place of residence" of Mr. Shrewsberry at the time of his death, and therefore no findings of fact have been made to support the Commission's subject-matter jurisdiction. As we held in Syllabus Point 3 of *Yates v. Taylor County Court*, 47 W.Va. 376, 35 S.E. 24 (1900), "[i]n courts of limited and inferior jurisdiction, the record must show jurisdictional facts." In other words, the jurisdiction of a county commission "must affirmatively appear by sufficient evidence or proper averment in the record, or their judgments will be deemed void on their face." 47 W.Va. at 381, 35 S.E. at 26 (*quoting Galpin v. Page*, 18 Wall. 350, 85 U.S. 350, 366, 21 L.Ed. 959, 963 (1873)).

The *sole* issue raised by the parties in the Circuit Court of Raleigh County was whether the Raleigh County Commission abused its discretion in appointing the petitioner, Carolyn Shrewsberry, as the administratrix of Mr. Shrewsberry's estate, in light of the fact that the petitioner put incorrect information on her application to be administratrix. The ruling by the circuit court that the Raleigh County Commission did not abuse its discretion in allowing the amendment of that application was never appealed.

What was never resolved, before either the circuit court or the Raleigh County Commission, was whether Mr. Shrewsberry was a resident of Raleigh County or Wyoming County at the time of his death. If Mr. Shrewsberry owned a "mansion house" or had a "known place of residence" in Raleigh County at the time of his death, then as a matter of law, the Raleigh County Commission has no subject matter jurisdiction to adjudicate the disposition of Mr. Shrewsberry's estate. Therefore, the proper forum for respondent Bobbie Shrewsberry in which to challenge the subject-matter jurisdiction of the Raleigh County Commission is not before the Circuit Court of Wyoming County, but is before the Raleigh County Commission itself.

An issue that was raised by the parties on appeal but not addressed by the majority opinion is whether the petitioner could legitimately act as the administrator of her ex-husband's estate. *W.Va.Code*, 44–1–4 [1923] requires that within 30 days of the death of an intestate person, administration of the estate "shall be granted to the distributees who apply therefor" within 30 days of the death. It is not clear to me that the petitioner qualifies as a "distributee" of Mr. Shrewsberry's estate.

A "distributee" is defined by *W.Va.Code*, 42–1–1(8) [1995] as a "person who has received property of a decedent from his or her personal representative other than as a creditor[.]" In other words, a distributee is an "heir" to an estate. An "heir" is a person who is "entitled under the statutes of intestate succession to the property of a decedent." *W.Va.Code*, 42–1–1(16) [1995].

Petitioner Carolyn Shrewsberry, as the ex-wife of the decedent, is listed nowhere in the *West Virginia Code* as a person entitled to the property of Mr. Shrewsberry. An ex-wife does not automatically qualify as a "distributee," as would a spouse, child, or *parent of a decedent.* See *W.Va.Code*, 42–1–3a [1992]. Therefore, Carolyn Shrewsberry does not immediately qualify as the administrator of Mr. Shrewsberry's estate. The petitioner contends, however, that in cases from early this century the Court approved the appointment of administrators who could not statutorily qualify as administrators, but who were acting as representatives for the distributees. *See Murphy v. Karnes*, 88 W.Va. 242, 106 S.E. 655 (1921) (grandfather appointed to represent interests of infant children); *In re Stollings' Estate*, 82 W.Va. 18, 95 S.E. 446 (1918) (wife, barred from being a distributee because she abandoned her decedent-husband and children, appointed administratrix of husband's estate for the benefit of distributee infant children). I question whether these cases continue to be valid in light of the many recent revisions to the laws of descent and distribution.

Furthermore, I am troubled by the petitioner's appointment in three respects. First, when the petitioner filed her application to become the administratrix of her ex-husband's estate, she held herself out as the wife of Mr. Shrewsberry. She also did not list any of Mr. Shrewsberry's nine children

as beneficiaries of his estate, but instead listed only herself.

Second, the petitioner repeatedly contended before this Court that she is acting on behalf of Mr. Shrewsberry's eight children—yet the record clearly suggests Mr. Shrewsberry had a ninth child with a woman other than the petitioner. The petitioner simply rejects the notion that this ninth child is or could be the progeny of Mr. Shrewsberry. But the fact remains, if the child is Mr. Shrewsberry's offspring (and that determination apparently has not been made), then the child is a distributee of his estate. Because the petitioner has stated before this Court that she refuses to address the potential interests of this ninth child, the Raleigh County Commission (or Wyoming County Commission, if it has jurisdiction) should examine whether the petitioner's appointment is warranted.

Third, I am troubled by the fact that the petitioner may be a creditor of Mr. Shrewsberry's estate. In the appointment of an administrator of an intestate estate, *W.Va. Code*, 44–1–4 [1923] creates a preference for distributees over creditors. The statute states that creditors may apply to be administrators only if no qualified distributee petitions for administration within 30 days of the decedent's death.

How can the petitioner be a creditor of Mr. Shrewsberry's estate? At the time of the Shrewsberrys' divorce, *W.Va. Code*, 48–2–15(f) [1984] required circuit courts, in a divorce decree awarding alimony, to "state specifically . . . whether such payments of alimony are to be continued beyond the death of the payor party or cease." However, if the circuit court did not mention whether alimony continued beyond the death of the payor, this Court has held that principles of equity apply and the payee spouse may continue to receive alimony payments from the decedent's estate.[1]

The July 17, 1996 divorce decree for the petitioner and Mr. Shrewsberry awards the petitioner "permanent alimony in the amount of Three Hundred Dollars ($300.00) per month commencing on the 1st day of July, 1996 until the [petitioner] remarries or further Order of the Court." No mention is made in the divorce decree as to whether the petitioner is entitled to receive alimony payments from Mr. Shrewsberry's estate, or whether the payments automatically ended at his death. Accordingly, under principles of equity, the petitioner could be entitled to recover alimony payments from Mr. Shrewsberry's estate.

Because the petitioner stands to gain monthly alimony payments from Mr. Shrewsberry's estate, she is a creditor of the estate. Therefore, pursuant to *W.Va. Code*, 44–1–4, it appears that she could apply to be an administrator of Mr. Shrewsberry's estate only if no other qualified distributee petitioned for administration in the first 30 days after his death.

In conclusion, none of these issues have ever been addressed by the parties or the Raleigh or Wyoming County Commissions. No one has ever challenged the jurisdiction of the Raleigh County Commission, nor litigated the fact that petitioner is not a distributee but is instead a creditor of the estate.

The only issue placed before this Court was whether the Circuit Court of Raleigh County issued a final, unappealed order regarding whether the Raleigh County Commission abused its discretion in appointing the petitioner as administratrix, and whether that order could be ignored by the Circuit Court of Wyoming County. Because that Raleigh County order was not appealed, the respondent could not collaterally attack the order in the Circuit Court of Wyoming County.

---

1. In Syllabus Point 2 of *In re Estate of Hereford*, 162 W.Va. 477, 250 S.E.2d 45 (1978), we stated:

   While as a general rule alimony does not survive the death of the payor former spouse, where there are compelling equitable considerations which militate in favor of making alimony a charge against a deceased former spouse's estate, the circuit court has the power to make such an award pursuant to the same authority which entitled a court of equity to modify any alimony award to reflect changed circumstances.

   *In accord*, Syllabus Point 1, *Matter of Estate of Weller*, 179 W.Va. 804, 374 S.E.2d 712 (1988).

I therefore concur with the majority's decision to issue the writ of prohibition.